UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN MANUEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-03016 |
| | ) | |
| CREDIT ACCEPTANCE | ) | |
| CORPORATION | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Shawn Manuel ("Plaintiff") filed his Complaint against Defendant Credit Acceptance Corporation ("Defendant") alleging breach of contract and other state law claims related to a vehicle financing contract. Before the Court is Defendants' motion to compel arbitration. The Court held oral argument on the motion on May 22, 2025. While the Court commends pro se plaintiff for his argument, it is not enough to warrant denial of the motion. For the following reasons, the Court grants Defendant's motion to compel arbitration [15].

**BACKGROUND**

Plaintiff purchased a 2018 Hyundai Tucson (the "Vehicle") from Smart Buy Auto Finance Inc. ("Smart Buy"), an Indiana corporation, on September 24, 2019. In conjunction with the purchase, Plaintiff entered into the Retail Installment Contract ("Contract") with Smart Buy finance the purchase of the Vehicle. The first page of the Contract contains an arbitration provision, which Plaintiff acknowledged by affixing his initials to the clause. The arbitration provision required, in relevant part, that "any Dispute be arbitrated…" A "Dispute" is defined as "any controversy or claim between You and We arising out of or in any way related to the Contract… 'Dispute' shall have the broadest meaning possible and includes contract claims, and claims based on tort, violations of laws,

1

statues, ordinances, or regulations…" "You" is defined as the "Buyer," which is Plaintiff. "We" is defined as "Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation)." Defendant claims Plaintiff had the option of rejecting the arbitration provision, but declined to do so. Smart Buy Auto assigned the Contract, including the arbitration provision, to Defendant in September 2019.

In January 2025, Plaintiff filed this lawsuit, which was removed to this Court on March 21, 2025. It is the Court's understanding that Plaintiff claims the Contract is invalid and unenforceable because Defendants "provided him a loan" and "falsely represented that the loan terms were valid" and, therefore, Defendants "unlawfully repossessed the [Vehicle]." Defendant filed the pending motion to compel on May 9, 2025.[1]

## DISCUSSION

Under the Federal Arbitration Act ("FAA"), the party moving for arbitration must show: (1) the existence of a written agreement to arbitrate; (2) the dispute is within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *Zurich American Ins. Co. v. Watts Indus., Inc.,* 417 F.3d 682, 687 (7th Cir. 2005). Once the movant demonstrates these elements, the burden shifts to the party opposing arbitration to demonstrate that the arbitration agreement is unenforceable or that her claims are unsuitable for arbitration. *See Mecum v. Weilert Custom Homes, LLC,* 239 F.Supp.3d 1093, 1095 (N.D. Ill. March 6, 2017) (Coleman, J.)

## DISCUSSION

The main dispute is whether the Contract is valid and enforceable and whether Plaintiff's claims are subject to arbitration under the arbitration clause.

---

[1] During oral argument, the Court questioned Defendant regarding whether the motion to compel was a sufficient responsive pleading under the Federal Rules of Civil Procedure. Defendant's response did not address this issue, focusing instead on whether its request for arbitration was waived based on removal of the matter from state to federal court. Because the Contract requires arbitration of the matter, the Court will not further analyze this matter.

1. *The Contract is Valid and Enforceable*

In determining whether an arbitration agreement is binding, a court looks to principles of state contract law. *Tinder v. Pinkerton Sec.,* 305 F.3d 728, 735 (7th Cir. 2002). Under Indiana contract law, an offer, acceptance, and consideration must be shown to prove a valid and binding arbitration agreement. *See Lagunas v. Old Nat'l Bank*, No. 3:24-CV-00067-RLY-CSW, 2024 WL 3963527, at *3 (S.D. Ind. Aug. 14, 2024), *report and recommendation adopted,* No. 3:24-CV-00067-RLY-CSW, 2024 WL 4625282 (S.D. Ind. Oct. 30, 2024) (Wildeman, J.) Assent to the contract can be shown through acts. *See Lagunas,* 2024 WL 3963527, at *3.

Here, Plaintiff attaches the Contract, containing the arbitration provision, to his Complaint. The Contract contains Plaintiff's electronic signature affixed to the notice of arbitration clause and the arbitration provision. Plaintiff acknowledges that he signed these provisions. Plaintiff purchased the Vehicle based on the financing he received from the Contract. Importantly, the Contract specifically identifies Defendant as an assignee subject to the arbitration provision. In other words, the Contract allows Defendant to compel arbitration. Accordingly, the Court finds the Contact, including the arbitration provision, is valid and enforceable.

2. *Plaintiff's Claims are Subject to the Arbitration Provision*

As arbitration is contractual in nature, a party cannot be mandated to submit any dispute to arbitration which has not been agreed to. *See Zurich,* 417 F.3d at 687.

In this litigation, Plaintiff asserts contract and tort law claims in his Complaint. The arbitration provision allows Defendant to "require any Dispute to be arbitrated…" Dispute includes both contract and tort law claims "arising out of or in any way related to this Contract…" The Court finds the arbitration provision clearly and unambiguously includes Plaintiff's claims.

**CONCLUSION**

For these reasons, the Court grants Defendant's motion to compel arbitration [15] and will retain jurisdiction of the matter pending the binding arbitration.

**IT IS SO ORDERED.**

Date: 5/29/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge